# UNITED STATES DISTRICT COURT
## for the
### Southern District of Ohio

| | |
|---|---|
| United States of America<br>v.<br><br>Ali H. Durrani<br><br>*Defendant(s)* | )<br>)<br>)   Case No. 2:22-mj-726<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  April 2018 to September 2019  in the county of  Franklin  in the  Southern  District of  Ohio , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1324(a)(1)(A)(v)(I) | Conspiracy to commit harboring of illegal aliens |
| 8 U.S.C. § 1324(a)(1)(A)(iii) | Harboring of illegal aliens |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

KENNETH D TEICH
*Digitally signed by KENNETH D TEICH*
*Date: 2022.11.07 10:47:22 -05'00*

*Complainant's signature*

Ken Teich, Special Agent, HSI
*Printed name and title*

Sworn to before me and signed in my presence.
Via FaceTime

Date: 11/07/2022

City and state: Columbus, Ohio

Elizabeth A. Preston Deavers
United States Magistrate Judge

ATTACHMENT A

I, Ken Teich, being duly sworn, depose and state that:

1. I am a Special Agent with the Department of Homeland Security (DHS), Homeland Security Investigations in Columbus, Ohio and have been so employed by DHS and its predecessor, Department of Justice's Immigration and Naturalization Service, since April 30, 1996. I am a sworn federal law enforcement officer empowered to investigate criminal activity involving or relating to the unlawful employment of foreign nationals to include labor trafficking. The crimes I regularly investigate include labor trafficking, international and domestic terrorism, and counter-intelligence activities. I received initial training for these types of investigations through the Federal Law Enforcement Training Center (FLETC) in Glynco, Georgia. I have received hundreds of hours of additional on the job training for each of those areas.

2. This affidavit is made in support of a criminal complaint against Ali DURRANI (aka Eli Durrani) (DOB: 12/13/1994), for conspiracy to harbor illegal aliens, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(v)(I); and harboring an illegal alien, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iii). The statements in this affidavit are based upon my training and experience, consultation with other experienced investigators and agents, review of related police reports, and other sources of information relative to immigration and financial investigations. This affidavit is intended to set forth probable cause in support of the criminal complaint and does not purport to set forth all of my knowledge regarding this investigation.

*Investigative Summary*

3. The investigation has revealed that from around April 2018 through around September 2019, DURRANI harbored, and conspired with others to harbor, illegal aliens working without authorization at commonly owned Popeyes Louisiana Kitchen restaurants. DURRANI and others knowingly hired illegal aliens not authorized to work in the United States; paid them in cash rather than by check; failed to withhold employment taxes from their wages or pay such taxes over to the Internal Revenue Service; failed to report the illegal aliens to state workforce agencies; transported the illegal aliens between commonly owned restaurants; rented apartments near restaurants for the use of illegal aliens; and attempted to hide the identities of illegal aliens from HSI investigators.

*Probable Cause*

4. In around January 2019, I was notified that an illegal alien subject to GPS monitoring ("Employee 1") was apparently working at a Popeyes Louisiana Kitchen restaurant in Columbus, Ohio, located at 3705 South High Street (the "Columbus Restaurant"). After confirming that this individual worked there, I requested from a manager of the restaurant work-authorization documents for the individual. No such documentation was ever provided.

5. According to publicly available documents, from around May 2016 through around September 2019, several Popeyes restaurants in the Southern District of Ohio, including the

Columbus Restaurant, were commonly owned by entities that were in turn owned or co-owned by family members and associates of DURRANI, including Owner 1 and Owner 2. These restaurants were located in Columbus, Marion (the "Marion Restaurant"), Zanesville (the "Zanesville Restaurant"), and Newark (the "Newark Restaurant").

6. Additional research disclosed that Owner 1 also owned and operated a management company, Company 1, in New Jersey. Company 1 provided services to Owner 1's various restaurants, including the Ohio restaurants, such as payroll, taxes, and other financial services. Similarly, around February 2019, Owner 2 established Company 2 in New Jersey, which was similar to Company 1 in that it provided management services to restaurants controlled by Owner 2.

7. According to documents subpoenaed from the property management company overseeing Camellia Court Apartments in Columbus, Ohio, around May 2017, a manager at the Columbus Restaurant entered into a one-year lease for an apartment on Alyssum Avenue near the restaurant. An illegal alien working at the Columbus Restaurant ("Employee 2") lived in the Alyssum apartment at least part of that lease term but was not listed on the lease as a resident. Around June 2018, when the lease was to expire, the lease was transferred to a new location—still near the Columbus Restaurant—on Tiger Lily Avenue.

8. Around October 2018, while acting as a District Manager overseeing the Columbus Restaurant, DURRANI took over the Tiger Lily lease, listing himself as the new tenant. Over the next several months DURRANI made rent payments on the lease.

9. On or around the evening of April 25, 2019, I and other law enforcement officers conducted surveillance at the Columbus Restaurant. Inside, I saw three Hispanic males working in the kitchen. Later that night, two males were seen leaving the Columbus Restaurant. I spoke to one of them, who identified himself as Employee 3 (father of Employee 2) and admitted that he was from Honduras and lacked documents permitting him to enter the United States or live or work here. The second male was identified by a mobile fingerprint device as a Guatemalan citizen and a minor (the son of Employee 1) who had been apprehended by DHS agents the prior year in New Mexico and had removal proceedings pending against him ("Employee 4"). Employee 4 was escorted to his residence at the Tiger Lily apartment, where Employee 2 came to the door and eventually admitted that he had previously been deported in 2007. Employees 2 and 3 were arrested and taken to ICE offices for processing.

10. When interviewed on or around April 29, 2019, Employee 2 stated that he had worked at various Popeyes locations for 8-9 years. He had never been asked by his managers for papers documenting his authorization to work in the United States, and he believed it was understood by his managers that he was an illegal alien who lacked such authorization. He was always paid in cash, including recently at the Columbus Restaurant by DURRANI. Employee 2 stated that he lived in the Tiger Lily apartment rented by Ali, who provided him the key to the apartment and paid the rent with money withheld from Employee 2's cash wages. Employee 2 stated that roughly a month earlier, DURRANI drove Employees 2 and 3 to a Popeyes store in Wilkes Barre, Pennsylvania to work for two or three weeks. Employee 2 believed the Wilkes Barre restaurant was managed by a family member of

DURRANI. Employee 2 also reported that because he could not register a vehicle in his own name, DURRANI had purchased and registered an SUV on Employee 2's behalf.

11. According to interviews, Employees 5 and 6, who were illegal aliens, worked without authorization at the Zanesville Restaurant from in or around December 2018 until in or around January 2019. In an interview, Employee 5 informed me that DURRANI offered to pay Employees 5 and 6 in cash, $600 and $300 per week, respectively, to work 7 days a week, about 13 hours a day. Employee 5 reported being paid in cash by a different employee but said that Employee 6 was never paid at all. According to Employee 5, an apartment near the Zanesville Restaurant was provided for the use of Employees 5 and 6, with rent payments deducted from their cash wages. Lease documents show that a different manager related to the Zanesville Restaurant rented the apartment in his own name.

12. Around April 2019, DURRANI texted Employee 6, offering "$800 for the same hours" at a different Popeyes restaurant.

13. On or around November 14, 2019, HSI agents served DURRANI a target letter, at which time he agreed to a voluntary interview. DURRANI stated that from around April 2018 through around September 2019, he was employed at various times as a District Manager by South High Chicken, LLC to oversee operations of the Columbus Restaurant, the Marion Restaurant, and the Zanesville Restaurant. DURRANI said these three restaurants were owned by Owner 1 and Owner 2. DURRANI admitted that he rented an apartment in Columbus in his own name for the use Employee 2. DURRANI further admitted that he knew that Employee 2 was arrested by immigration authorities in April 2019, but that DURRANI nevertheless re-hired Employee 2 to work at the Columbus Restaurant around June or July 2019. DURRANI claimed to have asked Employee 2 for evidence of work authorization, but he could not clearly recall any evidence being provided. DURRANI acknowledged that Employee 2 was paid in cash while other employees were paid by check. DURRANI further stated that Employee 3 had never worked for Popeyes.

14. During the interview, agents also asked DURRANI about his immigration status. He reported that he became a Legal Permanent Resident in 2017, after marrying an American citizen in 2016. DURRANI claimed that his wife lived with him at the time but had left early before the agents' arrival. When agents arrived at DURRANI's apartment for the interview, a woman who was not DURRANI's wife was in his bed. DURRANI admitted later in the interview that he had lied to agents. He acknowledged that his wife did not live at the apartment, and in fact he did not know where she lived or for how long she had been at her present address.

15. On or around July 2, 2021, I interviewed a former manager at the Columbus Restaurant. This manager recalled my visit to the Columbus Restaurant in around February 2019 to inquire whether Employee 1 worked there. The manager further recalled that when DURRANI became aware of the purpose of my visit to the Columbus Restaurant, he fled from the store and later advised the manager not to provide the names of any employees and to lie to agents in the future. The manager said it was generally understood among employees at the Columbus Restaurant that Hispanic cooks who were illegal aliens were

employed there and paid "off the books." The manager heard about cash payments to employees but never witnessed them. On multiple occasions, DURRANI asked the manager for cash from the safe or register.

16. DURRANI has no known criminal history.

**KENNETH TEICH**
Digitally signed by KENNETH D TEICH
Date: 2022.11.07 10:56:52 -05'00'

Ken Teich, Special Agent, Department of Homeland Security

Sworn to before me and signed in my presence.
   Via FaceTime


Elizabeth A. Preston Deavers
United States Magistrate Judge

November 7, 2022
_____
Date

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| | |
|---|---|
| United States of America<br>v.<br>Ali H. Durrani<br><br>*Defendant* | )<br>)  Case No. 2:22-mj-726<br>)<br>)<br>)<br>) |

## ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*    Ali H. Durrani                                                                                                ,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment       ☐ Superseding Indictment       ☐ Information       ☐ Superseding Information       ☑ Complaint
☐ Probation Violation Petition       ☐ Supervised Release Violation Petition       ☐ Violation Notice       ☐ Order of the Court

This offense is briefly described as follows:

Conspiracy to commit and commission of harboring illegal aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I) & (a)(1)(A)(iii).

Date: 11/07/2022

*Elizabeth A. Preston Deavers*
United States Magistrate Judge

City and state:  Columbus, Ohio

---

**Return**

This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____
at *(city and state)* _____ .

Date: _____

_____
*Arresting officer's signature*

_____
*Printed name and title*

**This second page contains personal identifiers provided for law-enforcement use only
and therefore should not be filed in court with the executed warrant unless under seal.**

*(Not for Public Disclosure)*

Name of defendant/offender: Ali H. Durrani
Known aliases: Eli Durrani
Last known residence: 815 Oriole Avenue, Glen Burnie, Maryland 21060
Prior addresses to which defendant/offender may still have ties: No known

Last known employment: Bojangles Restaurant
Last known telephone numbers: 302-310-7898
Place of birth: Pakistan
Date of birth: 12/13/1994
Social Security number: 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
Height:                                     Weight:
Sex: Male                                   Race: White
Hair: Black                                 Eyes: Brown
Scars, tattoos, other distinguishing marks: No known

History of violence, weapons, drug use: No known

Known family, friends, and other associates *(name, relation, address, phone number)*: Sikander Durrani, brother, unknown

FBI number:
Complete description of auto:

Investigative agency and address: Homeland Security Investigations, 675 Brooksedge Blvd, Westerville, Ohio 43081

Name and telephone numbers (office and cell) of pretrial services or probation officer *(if applicable)*:

Date of last contact with pretrial services or probation officer *(if applicable)*: